UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                              CRIMINAL ACTION

CHARLES R. YOUNG                                    NUMBER 09-9-JWD-SCR

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, November 7, 2014.

                                              STEPHEN C. RIEDLINGER
                                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                              CRIMINAL ACTION

CHARLES R. YOUNG                                    NUMBER 09-9-JWD-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Motion to Reconsider, or Motion to Vacate Pursuant to Rule 60(b), 28 U.S.C. § 2255 filed by petitioner Charles R. Young. Record document number 65.[1]

For the reasons which follow, the petitioner's motion should be denied as untimely.

**I. Procedural History**

On April 29, 2009, the petitioner pled guilty to one count Possession with Intent to Distribute Five Grams or More of Cocaine Base in violation of 21 U.S.C. § 841(a)(1). On October 7, 2009, the petitioner was sentenced to imprisonment for a term of 137

---

[1] This court's General Order Number 2006-07 provides that the Clerk of Court shall not, without the approval of a judicial officer, file pleadings by a pro se inmate in cases which have been closed for more than one year. There is no indication in the record that a judicial officer authorized the Clerk of Court to file the petitioner's motion. On October 21, 2014, General Order Number 2006-07 was superseded by General Order Number 2014-09 which prohibits the Clerk of Court from filing pleadings by a pro se inmate in cases which have been closed for more than one year without prior approval from a U.S. District Judge.

months.

Petitioner appealed, arguing that the sentence was procedurally and substantively unreasonable. Petitioner's sentence was affirmed on appeal. *United States of America v. Charles R. Young*, 383 Fed.Appx. 410 (5th Cir. 2010).

Petitioner signed his Motion to Reconsider, or Motion to Vacate Pursuant to Rule 60(b), 28 U.S.C. § 2255, on August 28, 2014, and it was filed on September 2, 2014. Petitioner brought his motion pursuant to Rule 60(b), Fed.R.Civ.P., and alternatively pursuant to 28 U.S.C. § 2255.

For the reasons set forth below, the petitioner's Motion to Reconsider, or Motion to Vacate Pursuant to Rule 60(b), 28 U.S.C. § 2255 should be dismissed as untimely.

## II. Applicable Law and Analysis

### A. Rule 60(b)

Petitioner argued that he is entitled to relief from judgment pursuant to Rule 60(b), Fed.R.Civ.P.,[2] based upon newly discovered evidence consisting of the True Extract of Criminal Court Minutes

---

[2] Petitioner asserted that his motion was brought pursuant to Rule 60(b), Federal Rules of Criminal Procedure. Record document number 65, p. 1. However, since the petitioner's arguments clearly relate to Rule 60 of the Federal Rules of Civil Procedure, the court assumes this was an inadvertent error. The Federal Rules of Civil Procedure explicitly state that they are applicable to habeas corpus proceedings. Rule 81, Fed.R.Civ.P.; *Caldwell v. Dretke*, 429 F.3d 521, 527-28 (5th Cir. 2005). Moreover, Rule 60, Fed.R.Cr.P., clearly has no application to the petitioner's motion.

2

of criminal proceedings held in the matter of *State of Louisiana v. Charles Young*, No. 01-09-0372, before the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana.[3] Petitioner argued that the criminal court minutes establish that on August 29, 2013, he was found "not guilty" of two counts of second degree murder. Petitioner argued that the district judge relied on the arrest related to the second degree murder charges to enhance his sentence. Petitioner argued that in light of his acquittal on both second degree murder charges in 2013, his sentence should be reconsidered.

Rule 60(b), Fed.R.Civ.P., permits the district court to relieve a party from the effect of a final judgment for several reasons, including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, release, satisfaction, and any other reason that justifies such disposition. The rule, provides in relevant part, as follows: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for [various] reasons," including "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Rule 60(b)(2).

First, even if the petitioner had alleged facts sufficient to

---

[3] Record document number 65-1, p. 2, True Extract of Criminal Court Minutes.

support a Rule 60(b)(2) motion, it would be untimely because it was filed more than one year after entry of the judgment. A Rule 60(b) motion based on newly discovered evidence must be filed within one year of the entry of the judgment or order. Rule 60(c). Judgment was entered on October 27, 2009. Petitioner did not file his Rule 60(b)(2) motion until August 28, 2014, almost five years after the judgment was entered.

Second, the petitioner is not entitled to relief under Rule 60(b)(2). The records regarding the 2013 state court criminal proceedings did not exist at the time of the entry of the district court's judgment in October 2009. Rule 60(b)(2) does not provide relief for such evidence that did not exist before the judgment was entered. *Card v. Keffer*, 543 Fed.Appx. 377, 378 (5th Cir. 2013).

**B. Grounds for § 2255 Motion**

Petitioner asserted two grounds for relief:

(1) He was denied effective assistance of counsel when:

    (a) Counsel failed to provide him with a copy of the presentence investigation report; and,

    (b) Counsel failed to object at sentencing to the upward departure on the ground that the district judge committed a procedural error in basing the upward departure almost exclusively on the petitioner's arrest record.

(2) The district court was without jurisdiction to impose the sentence.

No evidentiary hearing is required. Petitioner's § 2255 motion was not filed timely.

4

Under § 2255, as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody under sentence of a court established by Act of Congress has a one year period within which to file a motion to vacate, set aside or correct the sentence. The limitation period would normally run from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2255(f). A conviction is final when a judgment of conviction has been rendered, the availability of appeal has been exhausted, and the time for a petition for certiorari has elapsed or a petition for certiorari is finally denied. *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6, 107 S.Ct. 708, 712 n. 6 (1987).

The Supreme Court has held that a conviction becomes final when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527, 123 S.Ct. 1072 (2003). Under Supreme Court Rule 13(3), the 90-day period to file a petition for writ of certiorari from the judgment of a court of appeals ordinarily runs from the date that the court issues an opinion announcing the ruling. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). However, if a petition for rehearing is timely filed in the appeals court by any party, then the time for all parties to file a certiorari petition runs from the date of the

denial of rehearing.  SUP.CT.R. 13(3).

Petitioner's conviction became final on September 20, 2010. From the date the petitioner's conviction became final until August 28, 2014, the date petitioner signed his § 2255 application, more than one year of the limitations period elapsed.  Petitioner's § 2255 motion was not timely filed.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's Motion to Reconsider, or Motion to Vacate Pursuant to Rule 60(b), 28 U.S.C. § 2255 be dismissed, with prejudice, as untimely pursuant to Rule 60(c)(1) and 28 U.S.C. § 2255.

It is further recommended that a certificate of appealability be denied for the reasons set forth herein.

Baton Rouge, Louisiana, November 7, 2014.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE